| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:16-CR-105-06 |
| | ) | JUDGE CRYTZER |
| MARK ALAN STOVER | ) | |
| USM # 51810-074 | | |

## AGREED ORDER OF REVOCATION

An Amended Petition for Revocation of Supervised Release has been filed against the defendant, Mark Alan Stover, and the defendant admits that he has violated the conditions of his supervised release as specified in violation numbers 1 to 8 in the Amended Petition. An agreement has been reached between the parties, recommending that Mr. Stover's supervised release should be revoked and that he should receive a sentence of 20 months imprisonment with no further supervision to follow. It is recommended that Mr. Stover serve the incarceration term at FMC Butner in North Carolina or FMC Lexington in Kentucky due to his medical conditions, which he submits includes a torn rotator cuff and a torn tendon near his elbow. It is also recommended that he participate in any available drug treatment programs while he is incarcerated and that he receive the maximum halfway house placement afforded under the First Step Act to aid in his transition into the community.

Mr. Stover agrees to waive his right to a hearing pursuant to Rule 32.1 of the Rules of Criminal Procedure, waive his right to allocute at a revocation hearing, and asks that the agreement of the defendant and the government pursuant to Rule 11 of the Federal Rules of Criminal Procedure be found to be a proper sentence. In doing so, the defendant acknowledges that he is giving up the following rights:

(1)     The right to the assistance of counsel for his defense;

(2)     The right to see and hear all the witnesses and have them cross-examined in his defense;

(3)     The right on his own part not to testify unless he chose to do so in his defense; and

(4)     The right to the issuance of subpoenas to compel the attendance of witnesses to testify on his behalf.

The Court has considered the Chapter Seven policy statements in the United States Sentencing Guidelines. The violations above constitute Grade C violations, for which a policy statement revocation range of 4 to 10 months would apply given his Criminal History Category II. The Court has considered this advisory policy statement revocation range and the statutory maximum of 60 months imprisonment. The Court has also considered the factors listed in 18 U.S.C. § 3553(a), excluding factor (a)(2)(A), as well as the fact that this is Mr. Stover's fourth revocation of supervised release.

Based on the foregoing, the Court finds that the recommended sentence is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a), excluding § 3553(a)(2)(A), which cannot be considered, while taking into consideration all the remaining factors and the Chapter Seven policy statements. Specifically, the Court finds that the defendant has admitted that the proof could establish by a preponderance of the evidence that he committed the violations as specified in violation numbers 1 to 8 in the Amended Petition.

IT IS HEREBY ORDERED, therefore, that the defendant's supervised release is revoked. The defendant is sentenced to 20 months imprisonment with no further supervision to follow. It is recommended that Mr. Stover serve the incarceration term at FMC Butner in North Carolina or FMC Lexington in Kentucky. It is also recommended that he participate in any available drug treatment programs while he is incarcerated and that he receive the maximum halfway house placement afforded under the First Step Act to aid in his transition into the community.

2

The Honorable Katherine A. Crytzer
United States District Judge

APPROVED FOR ENTRY:

Gregory Bowman
Assistant U.S. Attorney

Mark Alan Stover
Defendant

Robert C. Welch II
U.S. Probation Officer

Lesley A. Tiller
Attorney for Defendant

3